IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW U. D. STRAW,

                Plaintiff,

v.                                                        OPINION & ORDER

U.S. DISTRICT COURT FOR THE WESTERN          17-cv-842-jdp
DISTRICT OF WISCONSIN,

                Defendant.

---

Pro se plaintiff Andrew U. D. Straw has filed a complaint alleging that this court's reciprocal suspension of his ability to practice law before it violated his rights under the Due Process Clause of the Fifth Amendment. Dkt. 1. The court has granted him leave to proceed *in forma pauperis*. Dkt. 3. The next step is to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. Having considered Straw's allegations, I will dismiss his complaint for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT

I draw the following facts from Straw's complaint, Dkt. 1, and publicly available court records.

Straw is disabled. (He doesn't explain in his filings with this court what his disabilities are, but I gather from his filings in other courts that he suffers from bipolar disorder and depression, among other things.) He has been licensed to practice law in Virginia since 1999

and in Indiana since 2002. Straw was also admitted to practice in the U.S. District Court for the Southern District of Indiana in 2002.

In 2015, Straw sued the Indiana Supreme Court and its employees for disability discrimination. The suit was dismissed for failure to state a claim. Soon thereafter, the Disciplinary Commission of the Indiana Supreme Court initiated disciplinary proceedings against Straw concerning frivolous claims and arguments he advanced in four lawsuits. Straw argued in several pre-hearing motions that disciplinary action was further discrimination and retaliation. The motions were denied as procedurally improper. Straw failed to appear at the disciplinary hearing, despite previously agreeing to the date of the hearing and despite the court calling Straw's cell phone when he failed to appear. Straw continued to argue in post-hearing motions that the disciplinary action was discriminatory. On February 14, 2017, the Indiana Supreme Court suspended Straw's license for 180 days without automatic reinstatement. The court explained that it "categorically reject[ed Straw's] arguments that he is being persecuted for his disability-related advocacy" and that Straw "does not face discipline for standing up for disabled persons' rights, as he perceives, but rather for having done so incompetently."[1]

After 180 days, Straw moved for reinstatement. The Indiana Supreme Court denied his motion because he had not yet fulfilled the prerequisites for a petition for reinstatement under Rule 23(18)(b) of Indiana's Rules for Admission to the Bar and the Discipline of Attorneys. Straw then filed another lawsuit against the Indiana Supreme Court, alleging that it discriminated against him because of his disabilities. The district court dismissed Straw's complaint. The Seventh Circuit affirmed, explaining that under the doctrine of res judicata,

---

[1] Order Finding Misconduct and Imposing Discipline at 1, *In re Straw*, No. 98S00-1601-DI-12 (Ind. Feb. 14, 2017), *available at* https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=98S001601DI00012.

Straw's claims were barred by the entry of judgment in the 2015 suit. *See Straw v. Indiana Supreme Court*, No. 17-1338 (7th Cir. July 6, 2017).

The Indiana suspension prompted the Virginia State Bar Disciplinary Board to inquire as to whether it should suspend Straw's Virginia license for the same conduct, a practice known as reciprocal discipline. It determined that it should not, because Straw's "conduct was not conduct that would have resulted in disciplinary action in the Commonwealth of Virginia." *See Schneider v. Town of Campbell*, No. 16-cv-208, Dkt. 99-3, at 5 (W.D. Wis. Oct. 20, 2017). It noted "the excessive nature of the disciplinary process in Indiana," observed that the complaints against Straw had "all the grace and charm of a drive-by shooting," and pointed to two recent disciplinary actions in Virginia that involved similar conduct but did not result in suspension. *Id.* at 4.

The Indiana suspension also prompted the U.S. District Court for the Southern District of Indiana to order Straw to show cause why it should not bar Straw from practicing in that district, as required by its local rule on reciprocal discipline. The court determined that Straw did not meet his burden and suspended him from practicing law before it for 180 days without automatic reinstatement. *See In re Straw*, No. 17-mc-13, Dkt. 9 (S.D. Ind. Mar. 16, 2017). Before 180 days had passed, Straw moved for reinstatement, citing the Virginia State Bar Disciplinary Board's decision. The district court denied Straw's motion, explaining that the Virginia decision did not affect the Indiana suspension and that harsh discipline was not a valid reason for modifying the suspension. *See Straw*, No. 17-mc-13, Dkt. 13 (S.D. Ind. July 12, 2017). Straw has also been suspended from practicing law in the Northern District of Indiana and the Northern District of Illinois as a result of his Indiana suspension. Straw has filed a lawsuit against the United States concerning the suspension of his ability to practice law before

these three federal district courts; that suit is currently pending before the Court of Federal Claims. *See Straw v. United States*, No. 17-cv-1082 (Fed. Cl. filed Aug. 9, 2017). Straw has appealed the Southern District of Indiana's judgment; that appeal is currently pending before the Seventh Circuit. *See In re Straw*, No. 17-2523 (7th Cir. filed July 26, 2017). This is not a complete list of the lawsuits and administrative proceedings spawning from the suspension of Straw's Indiana license, but it is sufficient for the purposes of this order.

I turn now to Straw's history with this court. Straw was admitted to practice in the Western District of Wisconsin on December 3, 2015. On April 4, 2016, Straw filed a complaint in this court on behalf of his clients, Frederick Schneider and Overpasses for America, against the Town of Campbell and other defendants. On March 15, 2017, the court issued rulings on the parties' cross-motions for summary judgment and stayed the case pending the Seventh Circuit's ruling on a similar issue in an unrelated appeal. *See Schneider*, No. 16-cv-208, Dkt. 85.

In October, Straw asked a deputy clerk for the Western District of Wisconsin to send a certificate of good standing to the U.S. Court of Appeals for the Eleventh Circuit. The clerk refused because Straw's Indiana license had been suspended. According to Rule 1 of this court's local rules, "When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, the same discipline is automatically effective in this court without further action by the court. . . . Within 45 days after the effective date of the order of discipline, the attorney may apply to the chief judge for modification or vacation of the discipline in this court."[2] Straw immediately filed a motion in *Schneider* to "reinstate law license." *Schneider*, No. 16-cv-208, Dkt. 96. Specifically, he asked the court to "send a certificate

---

[2] *Available at* http://www.wiwd.uscourts.gov/local-rules.

of good standing to the 11th Circuit, as I requested and paid for today." *Id.* at 1. The next day, Magistrate Judge Stephen Crocker issued an order explaining that the court will not rule on Straw's motion until the stay has been lifted. He directed the parties to "not file additional motions until that time." *Schneider*, No. 16-cv-208, Dkt. 97. Less than two hours later, Straw filed a motion to withdraw, explaining,

> I am no longer an attorney in active and good standing status due to the discrimination of the Indiana Supreme Court . . . .
>
> I cannot practice law before this Court any longer, as a result.
>
> . . . .
>
> I have informed Mr. Schneider that I am not active in good standing before this Court, even though I had no notice sent to me or a hearing or other opportunity to defend myself.

*Schneider*, No. 16-cv-208, Dkt. 98, at 1. Nine days later, Straw filed a "motion to appear and for other purposes." *Schneider*, No. 16-cv-208, Dkt. 99. He explained,

> I thought that I was suspended before this Court, but I have mailed a motion to the Clerk . . . asking for that suspension to be recognized as invalid. . . .
>
> I ask that the Court consider me to be still licensed in good standing and that the suspension did not provide due process, so it was invalid . . . .
>
> Further, Mr. Schneider still wants me to represent him, and an order making this so would be appreciated this late in the game.

*Id.* at 1–2.

*Schneider* is still stayed, and as a result, the court has not taken Straw's motions in that case under advisement. A few weeks after filing the motions in *Schneider*, Straw filed this lawsuit, alleging that this court violated his procedural due process rights by suspending his

5

ability to practice law before it without a hearing. He seeks $1 million in damages and an injunction allowing him to practice before this court.

ANALYSIS

Straw takes issue with this court's local rule on reciprocal discipline. The Seventh Circuit has endorsed reciprocal discipline, explaining that "'state disbarment proceedings are entitled to great weight and should be relied upon' in the absence of evidence that the state proceeding was tainted by serious flaws," that is, unless "the state proceeding suffered from a violation of due process or infirmity of proof, . . . reciprocal discipline would result in injustice, or [the] misconduct warrants different discipline." *In re Kivisto*, 493 F. App'x 762, 765 (7th Cir. 2012) (quoting *In re Reinstatement of Leaf*, 41 F.3d 281, 284 (7th Cir. 1994)) (citing *Selling v. Radford*, 243 U.S. 46, 51–52 (1917)). This court's local rule provides for automatic reciprocal discipline but allows suspended attorneys to apply for modification or vacation of the discipline within 45 days of the effective date of the original order of discipline—in other words, it provides a procedure through which a suspended attorney may present evidence that the state proceeding was tainted by serious flaws. Straw did not take advantage of this procedure. He argues that he could not have done so because he was unaware of his suspension. But Straw was aware of the Indiana Supreme Court's order of discipline, and as a lawyer admitted to practice before this court, he is tasked with reviewing the court's local rules—all five of them— available on its website. The very first rule provides notice of the reciprocal discipline procedure.

Straw's main contention is that a 1972 Seventh Circuit decision, *In re Ming*, 469 F.2d 1352, requires a district court to hold a hearing before imposing reciprocal discipline, and that

therefore, this court's local rule violates the Due Process Clause of the Fifth Amendment. But a court need not hold a hearing before administering reciprocal discipline where, as here, the state court provided an opportunity for a full and fair hearing.

In *Ming*, the Northern District of Illinois suspended a lawyer, William Ming, from practicing law before it after he was convicted of a misdemeanor. That court's local rules provided for (1) the automatic suspension of any attorney convicted of a felony or disbarred or suspended by any court and (2) the suspension of any attorney convicted of a misdemeanor "[a]fter notice and opportunity to respond." *Id.* at 1353. The district court suspended Ming without a hearing. The Seventh Circuit reversed, explaining that "district courts are free to adopt their own local rules defining grounds for disbarment and suspension and the procedures to be followed" as long as the rules "meet the essential requirements of due process." *Id.* at 1355. It held that the due process clause requires "a hearing on a suspension based on a finalized conviction of a misdemeanor." *Id.* at 1356. Its holding was purposefully narrow: it explained that it did not consider whether "summary disbarment or suspension for conviction of a felony violates due process." *Id.* at 1355, n.2. Since deciding *Ming*, the Seventh Circuit has held that "evidentiary hearings are neither required nor automatic" for reciprocal suspension. *In re Poulkidas*, 139 F.3d 902, 1998 WL 67712, at *1 (7th Cir. 1998). Rather, hearings are required only when the original disciplinary proceedings are inadequate. *Kivisto*, 493 F. App'x at 765 ("[E]videntiary hearings are not required in federal disbarment proceedings when a full and fair hearing was offered in state court.").

Here, Straw was provided with an opportunity for a full and fair hearing by the Indiana Supreme Court. The fact that he chose not to participate in the hearing does not mean that he was deprived of due process. "[D]ue process does not require that all issues be 'actually

7

litigated' or that a hearing be provided in every case. Rather it requires the *opportunity* for a hearing." *Id.* at 766. The Indiana Supreme Court's disciplinary proceedings were adequate. So even if Straw had timely applied for vacation of the discipline in this court, his application would not likely have been successful because he has not in his previous proceedings in this circuit adduced evidence that the Indiana Supreme Court's disciplinary proceedings suffered from a violation of due process or infirmity of proof, that reciprocal discipline would result in injustice, or that his misconduct warrants different discipline. *Accord Straw*, 17-mc-13, Dkt. 9.

### ORDER

IT IS ORDERED that:

1. Plaintiff Andrew U. D. Straw's complaint is DISMISSED for failure to state a claim.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered December 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge