IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW U. D. STRAW,

    Plaintiff,

v.

U.S. DISTRICT COURT FOR THE WESTERN
DISTRICT OF WISCONSIN,

    Defendant.

ORDER

17-cv-842-jdp

---

Pro se plaintiff Andrew U. D. Straw filed a complaint alleging that this court's reciprocal suspension of his ability to practice law before it violated his rights under the Due Process Clause of the Fifth Amendment. I dismissed the complaint for failure to state a claim and denied Straw's motion for reconsideration. The Seventh Circuit affirmed. *See* Dkt. 23 and Dkt. 26. Now, Straw has filed a "motion for reconsideration or in the alternative, for permission to amend the complaint," Dkt. 25, a "motion for abolition of my law license in the Western District of Wisconsin," Dkt. 30, and a "motion to take judicial notice of controlling U.S. Supreme Court case finding boycotts to be constitutionally protected," Dkt. 31.

Straw asks that I reconsider my order in light of "the Indiana hearing officer being hired by the Court of Appeals" for the Seventh Circuit while Straw was appealing the hearing officer's decision, which he argues shows that the Indiana Supreme Court's disciplinary hearing was "a critically reckless due process violation" and that the Seventh Circuit's opinions "mean absolutely nothing." Dkt. 25, at 7. This factual development does not alter my conclusion that Straw failed to take advantage of this court's procedure for challenging the imposition of

reciprocal discipline and therefore failed to state a due process claim against the court. So I will not reconsider my decision, nor will I allow Straw to amend his complaint.

In his "motion for abolition of my law license," Straw invokes his "First Amendment right not to associate with this Court." Dkt. 30, at 2. He asks that "the court obliterate [his] license." *Id.* at 3. Straw is already ineligible to practice before this court because of the reciprocal discipline at the heart of this lawsuit, but I will grant his motion and rescind his admission to the court. I will instruct the clerk's office to terminate his electronic filing credentials. Should Straw's law license be restored, he may reapply for admission to the court. But to be clear, even if Straw's license is restored, he must affirmatively reapply for admission to this court before he makes any filing as a legal representative.

Finally, in Dkt. 31, a "motion to take judicial notice of controlling U.S. Supreme Court case finding boycotts to be constitutionally protected," Straw asks me to consider *NAACP v. Clairborne Hardware Co.*, 458 U.S. 886 (1982). I agree that Straw has the right to choose not to practice in this court. But I had already decided to grant his motion to rescind his admission before he provided this supplemental authority, so I will deny Straw's third motion as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew U. D. Straw's motion for reconsideration, Dkt. 25, is DENIED.

2. Plaintiff's "motion for abolition of my law license," Dkt. 30, is GRANTED.

3. The clerk's office is instructed to rescind plaintiff's admission and terminate plaintiff's electronic filing credentials.

4. Plaintiff's "motion to take judicial notice of controlling U.S. Supreme Court case finding boycotts to be constitutionally protected," Dkt. 31, is DENIED as moot.

Entered May 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge